|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 19-8441-JFW(JPRx)** | Date: May 21, 2020 |
|---|---|---|

Title:     Agustin Castaneda -v- Hungry Man, Inc.

---

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND IMPROPERLY REMOVED CLASS ACTION [filed 4/20/20; Docket No. 16]

     On April 20, 2020, Plaintiff Agustin Castaneda ("Plaintiff") filed a Motion to Remand Improperly Removed Class Action ("Motion"). On April 27, 2020, Defendant Hungry Man, Inc. ("Defendant") filed its Opposition. On May 4, 2020, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's May 18, 2020 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**

     On July 31, 2019, Plaintiff filed a Class Action Complaint in Los Angeles Superior Court. In the Complaint, Plaintiff alleges claims for: (1) failure to timely pay wages due upon separation of employment; (2) failure to provide accurate itemized wage statement; (3) failure to pay all overtime wages; (4) failure to pay minimum and regular wages; (5) violation of Business & Professions Code section 17200, *et seq.*; (6) failure to reimburse all necessary business expenditures; and (7) penalties under the Private Attorney General Act ("PAGA"). Plaintiff seeks, on behalf of himself and all others similarly situated, relief under California law for unpaid wages, unpaid overtimed, damages, continuing wages, liquidated damages, penalties, restitution, and attorneys' fees. Plaintiff alleges that Defendant employed him as a crew member for one of its productions, a television commercial, on March 9, 2019, but failed to pay him until April 11, 2019.

     On September 30, 2019, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").

In his Motion, Plaintiff argues that the amount in controversy does not exceed $5,000,000, and moves to remand this action to Los Angeles Superior Court.  In its Opposition, Defendant argues that it has met its burden of demonstrating that at least $5,000,000 is in controversy.[1]

## II.   Legal Standard

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements").  CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81 (2014).  However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."  *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5,000,000, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5,000,000, to satisfy other requirements under CAFA, and to persuade the court that the estimate of damages in controversy

---

[1] Defendant also argues that Plaintiff's Motion is untimely under 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," but that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Defendant contends that Plaintiff's Motion is based on a defect other than lack of subject matter jurisdiction because Plaintiff's contention is that Defendant has alleged insufficient facts in support of its removal petition with respect to the amount of controversy.  However, Plaintiff explicitly states that "the amount in controversy does not exceed $5,000,000."  Motion, 1:6.  Thus, Plaintiff has challenged the existence of subject matter jurisdiction and not merely the insufficiency of Defendant's Notice of Removal.  Therefore, the Court concludes that Plaintiff's Motion is timely under 28 U.S.C. § 1447(c).  *See Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1003 (C.D. Cal. 2009) ("True, Plaintiff's argument vacillates between attacking the Notice of Removal's sufficiency and arguing that jurisdiction is actually lacking. But since Plaintiff contests the existence of subject matter jurisdiction, her Motion is based on more than a mere procedural defect.").

is a reasonable one." *Ibarra*, 775 F.3d at 1197.  "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In *Dart Cherokee,* 574 U.S. 81, the Supreme Court did not mandate that a plaintiff seeking to remand an action must always submit evidence challenging the amount in controversy.  Instead, the Supreme Court in *Dart Cherokee*, along with the Ninth Circuit in *Ibarra*, only require a plaintiff to come forward with contrary evidence when the removing defendant has produced evidence to meet its initial burden.  *See, e.g., Ibarra*, 775 F.3d at 1197 (holding that a "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one"); *see also id.* at 1199 ("[Defendant], as the removing [party], has the burden of proof on this").  Once the defendant has done so, then the burden shifts to the plaintiff to produce evidence.  In other words, although the plaintiff may rebut the defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on his or her motion for remand.  *See, e.g., Leon v. Gordon Trucking, Inc.*, 2014 WL 7447701, *10, fn. 40 (C.D. Cal. 2014) ("Here, [plaintiff] filed a motion to remand; thus *Dart Cherokee* makes clear that it was [defendant's] burden to come forth with evidence establishing the amount in controversy.  As noted, it has failed to do so"); *Marentes v. Key Energy Svcs. Cal., Inc.*, 2015 WL 756516, *3 (E.D. Cal. 2015) (granting motion to remand based on plaintiff's challenge to defendant's calculations as "rely[ing] solely on speculation and unsubstantiated assumptions"); *Reyna v. Fore Golf Management, Inc.*, 2015 WL 881390, *1 (C.D. Cal. 2015) (granting motion to remand in wage and hour class action where plaintiff moved to remand based solely on challenges to defendant's evidence and assumptions in calculating the amount in controversy).

### III. Discussion

#### A. Defendant Failed to Demonstrate That the Amount in Controversy Exceeds $5,000,000.

In its Notice of Removal, Defendant assumed that it met the $5,000,000 amount in controversy requirement based on its calculation of damages on Plaintiff's various wage and hour claims.  However, in his Motion to Remand, Plaintiff argues that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  Specifically, Plaintiff contends that Defendant's calculation of damages is based entirely on assumptions and speculation.  Plaintiff also argues that Defendant's Notice of Removal and Opposition to Plaintiff's Motion to Remand are devoid of any foundational facts or evidence needed to support the reasonableness of its assumptions.

The Court agrees with Plaintiff.  The only evidence offered by Defendant in either its Notice of Removal or its Opposition is the Declaration of Harold Perlman ("Perlman"), President of Defendant, which is attached to the Notice of Removal.  However, the unsupported and conclusory statements in Perlman's declaration are insufficient to establish that the amount in controversy exceeds $5 million.  *See Contreras v. J.R. Simplot Co.*, 2017 WL 4457228, *3 (E.D. Cal. Oct. 5, 2017) ("A defendant's amount in controversy calculation is unjustified where the only evidence the defendant provides is 'a declaration by [its] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages'"); *see also Farley v. Dolgen Cal., LLC*, 2017 WL 3406096, at *3 (E.D. Cal.

Aug. 8, 2017) ("Without corroborating documents, Cheesman's declaration, on which defendant heavily relies, is speculative and self-serving").

In this case, Perlman provides only the following information in his declaration: (1) from July 31, 2015 to present, Defendant employed over one hundred individuals who worked in production; (2) from July 31, 2018 to present, Defendant employed at least 3,341 employees in California and those employees received approximately 11,131 wage statements; and (3) from July 31, 2016 to present, Defendant paid wages to approximately 6,587 employees in California who completed work in the production or broadcasting of motion pictures. However, Perlman fails to provide the Court with any information or explanation as to the method employed to arrive at the estimates of penalties and damages in Defendant's Notice of Removal, and without any explanation as to how those estimates were calculated, there is no basis to conclude that they are accurate. In addition, Perlman fails to attach a single business record, spreadsheet, or other supporting document to his declaration to corroborate his testimony. Moreover, although Perlman's declaration states that he is "familiar" with Defendant's provider of payroll services and "directed a review of data" from Defendant's provider of payroll services, absent from his declaration is any statement as to precisely what this "data" included or whether he actually reviewed any records before he prepared his declaration. This sort of guesswork is particularly egregious because Defendant, as the employer, has ready access to all the facts, records, and information necessary to support its amount in controversy calculations. *See, e.g.*, Cal. Lab. Code §§ 203 and 226. Therefore, Defendant has failed to provide the necessary foundation for its calculations and, thus, has failed to put forth summary-judgment-type evidence upon which it can base its amount in controversy calculations. *Carranza v. Nordstrom, Inc.*, 2014 WL 10537816, at *10 (C.D. Cal. Dec. 12, 2014) (evaluating "which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met").

In addition, Defendant simply assumes the number of wage and hour violations suffered by every class member without setting forth any basis or providing any evidence for those assumptions. For example, Defendant simply assumes that because Plaintiff alleges that he received his final paycheck from Defendant thirty days late that all 6,587 of the putative class members also received their final paycheck from Defendants thirty days late. However, Defendant provides no foundation for these assumptions, such as: (1) how many individuals separated from employment during the class period; (2) the wage rate or number of hours worked in an average day; (3) how many employees were not paid timely upon separation of employment; and (4) the number of days that the final paycheck was late. Thus, Defendant's assumption that every putative class member received their final paycheck thirty days late is not supported by any evidence and is far too speculative to demonstrate that the amount in controversy requirement has been met. *See, e.g., Armstrong v. Ruan Transp. Corp.*, 2016 WL 6267931, at *3 (C.D. Cal. Oct. 25, 2016) (rejecting defendant's assumption of one meal and rest period violation per week because it failed to provide any factual support for its assumptions); *see also e.g., Smith v. Diamond Resorts Mgmt.*, 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) ("The Court is unpersuaded by such cases [supporting assumptions of one hour of overtime pay per week] primarily because '[a]s the employer, Defendant[s] ha[ve] access to employment and payroll records that would allow [them] to provide more accurate figures,' rather than mere estimations"). Moreover, Defendant's assumptions are not supported by the allegations in Plaintiff's Complaint. Plaintiff merely alleges that due "to Defendant's insufficient funding of the payroll accounting function," Plaintiff and others were not paid timely. Complaint, ¶ 10. In fact, Plaintiff states in his declaration submitted with his Motion that he spoke to his coworkers and they received their

paychecks on time.

Similarly, Defendant assumes, without any evidence or support, that every single wage statement provided to class members was deficient. However, such conclusory and speculative assumptions are insufficient to establish that the amount in controversy has been met. *See Garibay v. Archstone Communities, LLC,* 539 Fed. Appx. 763, 764-65 (9th Cir. 2013) (rejecting an employer's maximum wage statement penalty calculation because the employer provided no evidence to support its assertion); *see also Emmons v. Quest Diagnostics Clinical Labs., Inc.,* 2014 WL 584393, at *7 (E.D. Cal. Feb. 11, 2014) ("[a] declaration stating the class size and the number of pay checks issued during the years prior to this action, together with assumptions as to erroneous payments for each and every employee, is not sufficient to establish that the amount in controversy exceeds $5,000,000 even under the preponderance of the evidence standard").

For all the foregoing reasons, the Court finds that Defendant has failed to carry its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *See, e.g., Marentes*, 2015 WL 756516, at *10 ("Because [defendant] fails to provide facts supporting the calculations, [defendant] has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5,000,000"); *see also Ibarra*, 775 F.3d at 1199 ("Because the complaint does not allege that [defendant] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions"). Therefore, the Court concludes that it lacks jurisdiction over this action. Accordingly, Plaintiff's Motion is granted, and this action is remanded to Los Angeles Superior Court.

### B.  Defendant Failed to File a Proposed Statement of Decision.

The Court's Amended Standing Order, filed on March 31, 2020 (Docket No. 12), provides in relevant part: "Within two days of the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). The deadline for filing the Reply was May 4, 2020, and, thus, the deadline for filing the Proposed Statement of Decision was May 6, 2020 *See* L.R. 7-10. Defendant failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f). Accordingly, pursuant to Local Rule 7-12 and the Amended Standing Order, Plaintiff's Motion is granted.

## IV.  Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

IT IS SO ORDERED.